**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA WAKAMATSU, | No. 12-16079 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00482-CRB |
| v. | |
| ROBERT W. OLIVER, D.D.S. AND DAVID M. PERRY, D.D.S., INC. and ROBERT W. OLIVER, D.D.S. AND DAVID M. PERRY, D.D.S., INC. 401(K) PROFIT SHARING PLAN, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Submitted April 11, 2014[**]
San Francisco, California

Before:  KLEINFELD, NGUYEN, and WATFORD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

**1.** The plan administrator did not abuse his discretion by applying the December 31, 2008, valuation date to Sandra Wakamatsu's claim for benefits. The plan grants the plan administrator broad discretion to interpret and administer the plan, so we review his decision for abuse of discretion. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 964–65 (9th Cir. 2006) (en banc). But our review is "tempered by skepticism commensurate with" the plan administrator's conflicts of interest. *Id.* at 959.

The district court correctly concluded that all of the plan administrator's alleged conflicts of interest are either nonexistent or minor. The alleged conflicts based on the plan administrator's potential legal liability, his wife's "meddling in Plan administration," and the differing interests of retired versus current employees are not supported by evidence in the record. One conflict—his family members' financial interest in the pooled account—is supported. But that conflict deserves little weight given the small financial interest at stake. Thus, we review the plan administrator's decision for abuse of discretion, with only slight additional skepticism.

As to the merits of the plan administrator's decision, he did not abuse his discretion by applying the December 2008 valuation instead of the December 2007 valuation. He received Wakamatsu's request for distribution on December 22,

2008, just nine days before the December 31, 2008, valuation date. At that point, he reasonably concluded that the December 2007 valuation no longer accurately reflected the present account value. He had the authority to order an interim valuation, but he instead waited for the already scheduled December 2008 valuation to avoid the additional expense. He did not abuse his discretion in taking that course of action, particularly given that it is consistent with the treatment of other plan participants and with the plan's terms.

**2.** Wakamatsu did not raise her equitable estoppel claim in her opening brief, so she has waived that claim. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). In any event, Wakamatsu's equitable estoppel claim fails on the merits. She cannot show "detrimental reliance" on any alleged misrepresentation by Susan Yee, Associates in Excellence, or any plan representative. *See Renfro v. Funky Door Long Term Disability Plan*, 686 F.3d 1044, 1054–55 (9th Cir. 2012). Indeed, she never articulates how she detrimentally relied on any statement regarding the valuation date that would be used to process her benefits claim.

**AFFIRMED.**